*Memorandum.* — EMERY J. having been employed in trying jury causes in the County of *Washington*, did not hear the arguments of the cases in this County, and took no part in the decisions.

## ISAAC ALLARD *vs.* DANIEL LANE.

An acknowledgment upon the back of a mortgage deed, that the condition thereof had been complied with and that all obligations therein had been discharged, under the hand and seal of the mortgagee, is a discharge of the mortgage.

Where the defendant had purchased land of the plaintiff, and had agreed to pay him a part of the consideration therefor when the plaintiff should procure the discharge of a mortgage thereupon; and where the discharge had been procured and entered upon the records three months before the suit; *it was held,* that no special notice of the discharge, or demand of the money, was necessary to be shown before the commencement of the action.

THE action was assumpsit, the writ bearing date *June* 23, 1837, upon the following contract in writing.

" We the six individuals undersigned agree to pay to *Isaac Allard* the sum of five hundred and fifty dollars, (each a sixth part) with interest, provided the said *Isaac* shall discharge the mortgage given by him of a piece of land in *Bristol,* in the county of *Lincoln,* (described) six sixteenths of which he has this day conveyed to us by his warranty deed, the said $550 being a part of the consideration which we have contracted to give therefor; and by his causing the said mortgage to be discharged so as not to have the

same operate to our injury, or incumber our title to the land conveyed to us. *August* 1, 1835." This contract was signed by the defendant and five others.

At the trial, before EMERY J., the defendant called upon the plaintiff to prove a lawful discharge of the mortgage, notice to the defendant of a discharge thereof, and a demand of payment of him, before the bringing of the suit. The plaintiff thereupon offered as evidence of such discharge the following writing indorsed on the back of the mortgage, signed and sealed by the mortgagees, and witnessed. " We hereby certify that the within conditions have been complied with, and all obligations therein are discharged. *Bristol, March* 18, 1837." On the back of the deed was an acknowledgment, and under the discharge was the following certificate. " Recorded in the margin of the record of the within deed. *March* 18, 1837. *Warren Rice, Regr.*" The plaintiff proved that he had paid the amount due upon the mortgage on the day last named, but offered no evidence of notice to the defendant of the payment, nor of the discharge, excepting the record, nor of demand of payment before bringing the suit. The defendant objected that the evidence was incompetent, insufficient and defective. The Judge ruled, that the writing indorsed upon the mortgage, and the recording thereof, were competent and sufficient to prove the payment and discharge of the mortgage, and notice of such payment and discharge to the defendant; and that no demand on the defendant was necessary previously to the bringing of the action. The jury found for the plaintiff.

*J. Williamson* argued for the defendant, and relied most strongly on the point that notice should have been given to the defendant of the discharge of the mortgage before the commencement of the suit, and a demand made of the money. 1 *Chitty on Pl.* 319; 2 *Saund.* 62; *Hobart* v. *Hilliard,* 11 *Pick.* 143; *Oliver's Pr.* 62; 2 *Stark. Ev.* 91; 1 *Selw. N. P.* 123. The rule is, that when the act is within the knowledge of one party and not of the other, that notice must be given.

The mortgage was not discharged in the manner the law requires. *Stat.* 1821, *c.* 39, § 1.

Here no evidence was produced that this was the true signature

Allard *v.* Lane.

of the mortgagee. It might have been wholly fraudulent. 2 *Mass. R.* 506; 14 *Mass. R.* 296; 4 *Greenl.* 20.

*W. G. Crosby*, for the plaintiff.

The recording of the discharge is a sufficient notice of it. *Yelverton*, 168; *Com. Dig. Pleader*, C. 75.

The sum became due whenever the mortgage was removed, and no demand prior to the suit was necessary. 1 *Saund.* 33; *Yelv.* 67; 1 *Chitty's Pl.* 322.

The contract only provides, that the mortgage shall be discharged, so as not to operate an injury to the defendant. Here was an acknowledgment that the debt had been paid under seal, and that had been recorded as the statute provides. The defendant could sustain no injury from that mortgage.

The opinion of the Court was drawn up by

WESTON C. J. — The questions, involved in the case before us are, whether the condition of the contract, upon which the plaintiff relies, has been complied with, whether it was necessary for the plaintiff to aver and prove notice of that fact, and whether also he was bound to prove a special demand of payment, prior to the action.

And we are of opinion, that the mortgage, set forth in the condition, has been legally and effectually discharged, by the entry on the mortgage deed. The deed being referred to in that indorsement, it has the same effect, as if it had been recited, or otherwise particularly described. The mortgagees, under their hands and seals, in the presence of a witness, declare the conditions to have been complied with. The deed was to be void, upon the performance of the conditions; and when the mortgagees, by their deed, on the back of that instrument, admit that they have been performed, it must be understood to have been done in all respects, as therein provided. But the entry further expressly discharges the obligation of the deed. If the lawful meaning and intention of parties, clearly expressed, is to be regarded, the mortgage was fully released and discharged.

It is contended, that the performance of the condition, being peculiarly in the knowledge of the plaintiff, he was bound to give notice to the defendant. And there are authorities to this effect;

as, where the act on which the plaintiff's demand arises, is secret and lies only in the plaintiff's mouth, which is one of the illustrations of the rule, put by *Baron Comyns. Com. Dig. Pleader, C.* 73. In this case there was a privity between the defendant, who was the assignee of the mortgagor, and the mortgagees. He could at any time learn from them, whether their lien had been discharged. Besides, the discharge of the mortgage was, on the day it was made, more than three months before the action, entered of record, to give notice to the public generally, and to parties and privies in interest, particularly. If this therefore was one of that class of cases, to which the rule would have applied, if the fact had been peculiarly in the knowledge of the plaintiff, we are of opinion, that the discharge of this mortgage was not a fact of that description.

The amount here claimed was a part of the consideration, agreed to be paid by the defendant, for certain real estate conveyed to him by the plaintiff, which was to be retained, until the latter had removed the incumbrance of the mortgage. A distinction has been taken between a precedent debt or duty, and where the obligation to pay arises altogether from the happening of the condition. In the latter, a precedent request is essential, in the former, it is not. 1 *Saund.* 33. Here the debt existed, but the time of payment was postponed, until a certain condition was performed. That done, the debt became presently due.

None of the points, taken in defence, appear to us to have been sustained.                               *Exceptions overruled.*